UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VLADIMIR LEON,

               Plaintiff,

-against-

TOWN BOARD OF THE TOWN OF RAMAPO; EAST RAMAPO SCHOOLS DISTRICT OF EDUCATION,

               Defendants.

22-CV-3965 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION AND ORIGINAL SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application, but his responses do not establish that he is unable to pay the filing fees. Plaintiff states that he is self-employed at a family bakery, but he does not state his gross monthly pay or wages. Plaintiff instead alleges that he receives "[a]ll [b]usiness sales for everyday," but "[n]ot a specific cash flow." (ECF1, at 1.) Because Plaintiff does not provide his gross monthly pay or wages, the Court is unable to conclude that Plaintiff is unable to pay the filing fees.

    Plaintiff also submitted the complaint without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark

handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). In light of the COVID-19 pandemic, pursuant to the April 1, 2020, Addendum to Electronic Case Filing Rules & Instructions regarding Temporary Acceptance of Pro Se Filings by Email, a p*ro se* party who files a document by email must sign the document by either: "(a) signing by hand and then scanning the document; (b) signing electronically using a digital signature; or (c) by typing: /s/Filer's Name." Plaintiff did not sign the complaint using any of these methods.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. Plaintiff must also, within thirty days of the date of this order, resubmit the signature page of the complaint with an original signature to the Court. A copy of the signature page is attached to this order.

If Plaintiff submits the amended IFP application and signed signature page, they should be labeled with docket number 22-CV-3965 (LTS). The amended IFP application must address the deficiencies described above by stating Plaintiff's gross monthly pay or wages and providing facts to establish that Plaintiff is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 18, 2022
           New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge