UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VLADIMIR LEON,

        Plaintiff,

-against-             22-CV-3965 (LTS)

TOWN BOARD OF THE TOWN OF     ORDER TO AMEND
RAMAPO; EAST RAMAPO SCHOOLS
DISTRICT BOARD OF EDUCATION,

        Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants have violated his federal constitutional rights. By order dated June 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Vladimir Leon brings this action alleging that Defendants have violated his right to liberty and his "parental rights" under the Fourteenth Amendment. He sues the Town Board of the Town of Ramapo and the "East Ramapo Schools District Board of Education," which the Court understands to be the Board of Education of the East Ramapo Central School District.

The following allegations are taken from the complaint. Defendants provided Plaintiff's daughter "access to deviant behaviors and use[d] such behaviors to preclude [his] rights to effectively perform [his] parental duty." (ECF 2, at 5.) The "Teacher and Librarian" at East Ramapo's Eldorado School "taught and encouraged [Plaintiff's] daughters contacts and actions online that caused deviant behaviors while complaining to me she was not doing her school work." (*Id.*) When Plaintiff "acted to make [his] daughter" do her schoolwork, "Town of Ramapo and its Police responded with use of force." (*Id.*)

Plaintiff alleges that on February 16, 2021, Ramapo Police transported him to a hospital "not for my physical injuries but to drop me to a mental facility without evidence of mental illness." (*Id.*) He states that "East Ramapo falsely complained to Ramapo Police for not leaving my business to pickup my son at Hempstead School on desired time," and that these "false allegations" were an "additional cause for the Police to act on February 16, 2021 without clear evidence of abuse." (*Id.*)

Finally:

Plaintiff accuses the Town of Ramapo and the East Ramapo School District of acting "ominously" to "derange" his family without regard to due process or his "fundamental right to effectively direct the care, upbringing and education of [his] daughter." (*Id.* at 6.) Defendants "worked together to destroy my dignity as a responsible father and made my family suffer tremendously with restraints imposed by Ramapo Family Courts lasting 5 months and 13 days away from my daughter without justifiable cause." (*Id.*) Defendants "use the Ramapo Police which in turn violates my Constitutional and further my human Miranda rights when taking my liberty from my business without proper cause under pretext of child abuse due to pursuit of my child education in disregard of my child's imposed deviant behaviors." (*Id.*)

Plaintiff alleges that as a result of Defendants' actions, he suffered a "[r]ight [k]nee [i]njury and shoulders by use of force." (*Id.*)

Plaintiff seeks money damages and also requests that the Court "ask[ ] all parties including state agencies associated with this case to completely, without reserve, clear my name as to any damages to employment or service in to the United States, as to, on any field or occasions shall this hurt my dignity or Character." (*Id.*) He further asks the Court to "differen[t]iate abuse from legitimate parental rights often pretexted as abuse, use against minorities and Fathers in particular." (*Id.*)

## DISCUSSION

Because Plaintiff alleges that Defendants violated his federal constitutional rights, his claims arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A.     Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint contains many conclusory assertions, but provides few, if any, facts suggesting a plausible legal claim. For example, Plaintiff alleges that Defendants violated his rights under the Fourteenth Amendment by providing his daughter "access to deviant behaviors and us[ing] such behaviors to preclude my rights to effectively perform my parental duty." (ECF 2, at 5.) Plaintiff, however, does not allege the nature of the "deviant behaviors" his daughter was exposed to, what Defendants did to cause such exposure, or how Defendants' actions violated his constitutional rights. Similarly, Plaintiff asserts that Defendants "worked together to destroy my dignity as a responsible father and made my family suffer tremendously with restraints imposed by Ramapo Family Courts lasting 5 months and 13 days away from my daughter without justifiable cause." (*Id.* at 6.) Plaintiff, however, does not allege facts explaining (1) how Defendants "worked together" to cause the alleged injuries; (2) what Defendants did to "destroy [his] dignity" and to make his family suffer; (3) how Defendants caused the Ramapo Family Court, a judicial body, to impose "restraints" on his family; and (4), assuming that the Family

4

Court issued an order removing Plaintiff's daughter from his custody, that the basis on which he contends that the order was issued "without justifiable cause."

The Court grants therefore Plaintiff leave to file an amended complaint alleging additional facts suggesting a plausible claim for relief.

**B.     Municipal Liability**

Plaintiff names the Town of Ramapo and the East Ramapo Central School District as Defendants. When a plaintiff sues a municipality or a school board under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011); *see also Hurdle v. Bd. of Educ. Of City of New York*, 113 F. App'x 423, 424-25 (2d Cir. 2004) (stating that *Monell's* standard for municipal liability applies to boards of education); *DS by & through CS v. Rochester City Sch. Dist.*, No. 6:19-CV-6528, 2022 WL 673119, at *7 (W.D.N.Y. Mar. 7, 2022) ("School districts and boards of education constitute municipal entities subject to claims of liability pursuant to § 1983.") In other words, to state a Section 1983 claim against a municipality or school board, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

5

Here, to the extent the Court can understand Plaintiff's allegations, they do not suggest that the Town of Ramapo or the East Ramapo Central School District had a policy, custom, or practice that violated Plaintiff's constitutional rights. If Plaintiff submits an amended complaint, he should allege facts suggesting that any alleged violation of his constitutional rights was caused by someone acting pursuant to a policy, custom, or practice of the Town of Ramapo or the East Ramapo Central School District.

C.      **False Arrest**

Plaintiff's allegations suggest that he may be attempting to assert a claim that he was falsely arrested and taken to a mental health facility. "A [Section] 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted); *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of [a] constitutional tort, we must look for 'tort analogies.'").

Under New York law, a plaintiff claiming false arrest must prove four elements: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (citing *Broughton v. New York*, 37 N.Y.2d 451 (1975)). In the mental health context, New York law provides that a police officer "may take into custody any person who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others." N.Y. Mental Hyg. Law § 9.41.15.[1]

---

[1] New York's mental health statute defines the phrase "likely to result in serious harm" as:

Probable cause to believe that the criteria for a mental health arrest under Section 9.41 has been met is a defense to a false arrest claim arising from such an arrest. *Kerman v. City of New York*, 261 F.3d 229, 235 n.8 (2d Cir. 2001) ("We interpret [N.Y. Mental Hyg. Law § 9.41] consistently with the requirements of the Fourth Amendment and therefore assume that the same objective reasonableness standard is applied to police discretion under this section."); *Tsesarskaya v. City of New York*, 843 F. Supp. 2d 446, 455-56 (S.D.N.Y. 2012). For a mental health arrest, "police officer must have 'reasonable grounds for believing that the person seized is dangerous to herself or others.'" *Guan v. City of New York*, __ F.4th __, 2022 WL 2183339, at *4 (2d Cir. 2022) (quoting *Anthony v. City of New York*, 339 F.3d 129, 137 (2d Cir. 2003); *see Heller v. Bedford Cent. Sch. Dist.*, 144 F. Supp. 3d 596, 621-22 (S.D.N.Y. 2015) ("[A] showing of probable cause in the mental health seizure context requires only a probability or substantial charge of dangerous behavior, not an actual showing of such behavior." (citation omitted)), *aff'd*, 65 F. App'x 49 (2d Cir. 2016).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *Curley*

---

(a) a substantial risk of physical harm to the person as manifested by threats of or attempts at suicide or serious bodily harm or other conduct demonstrating that the person is a danger to himself or herself, or (b) a substantial risk of physical harm to other persons as manifested by homicidal or other violent behavior by which others are placed in reasonable fear of serious physical harm.

N.Y. Mental Hyg. Law § 9.01.

*v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest"). Where the facts surrounding the arrest are uncontroverted, the determination whether probable cause existed may be made by the court as a matter of law. *Weyant*, 101 F.3d at 852. Even where factual disputes exist, a Section 1983 claim may fail if the plaintiff's version of events is sufficient to establish probable cause to arrest. *Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998).

Here, Plaintiff does not allege enough facts to suggest a plausible false arrest claim. Plaintiff alleges that police "act[ed]" based on "false allegations" and brought him to the hospital "to drop [him] to a mental facility without evidence of mental illness." (ECF 2, at 5.) Plaintiff does not allege facts suggesting that any confinement was not privileged. He repeatedly references "false allegations," but beyond a vague reference to the school complaining to the police that Plaintiff did not leave his business to pick up his son on time, he does not state the nature of the allegations that led to his arrest. Beyond his conclusory assertions of false allegations, Plaintiff does not allege any facts suggesting that the arresting officers did not have probable cause to believe that Plaintiff was a danger to himself or to others. Given Plaintiff's *pro se* status, the Court grants him leave to submit an amended complaint to allege facts that indicate he has a viable claim for false arrest. If Plaintiff knows the name of the individual officer or officers whom he alleges falsely arrested him, he should name the officer or officers as defendants. If he does not know their names, he may list them as John Doe Defendants in the caption of the complaint.

**D.     Substantive Due Process**

Plaintiff's assertions regarding his parental rights arguably implicate the substantive component of the Due Process Clause of the Fourteenth Amendment. Substantive due process

"provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Parents have a "constitutionally protected liberty interest in the care, custody and management of their children," and can bring a substantive due process claim to challenge a child's removal. *Southerland v. City of N.Y.*, 680 F.3d 127, 142 (2d Cir. 2011). But the right to family integrity "'does not automatically override the sometimes competing' government interest in protecting children, [ ] particularly from harm caused by the parents themselves." *E.D. ex rel. V.D. v. Tuffarelli*, 692 F. Supp. 2d 347, 360 (S.D.N.Y. 2010) (quoting *Kia P. v. McIntyre*, 235 F.3d 749, 758 (2d Cir. 2000)). Courts have held that a parent "has no right to be free from [New York City Administration for Children's Services (ACS)] investigation." *Watkins-El v. Dep't of Educ.*, No. 16-CV-2256, 2016 WL 5867048, at *4 (E.D.N.Y. Oct. 7, 2016); *see also Phillips*, 894 F. Supp. 2d at 378-79 (*quoting Doe v. Heck*, 327 F.3d 492, 520 (7th Cir. 2003)); *Villanueva v. City of New York*, No. 08-CV-8793, 2010 WL 1654162, at *7 (S.D.N.Y. Apr. 14, 2010).

To establish a substantive due process claim with respect to the removal of a child, "a plaintiff must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Southerland*, 680 F.3d at 151 (internal quotation marks and citation omitted). "[M]ere failure to meet local or professional standards, without more, should not generally be elevated to the status of constitutional violation," *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 106 (2d Cir. 1999); *see, e.g., Kia P.*, 235 F.3d at 759 (caseworkers violate due process where their actions lack "any reasonable justification in the service of a legitimate governmental objective"). Thus, courts have imposed liability only for "'obvious extremes,'" such as knowingly making false statements, manufacturing evidence, or

ignoring exculpatory information. *Tuffarelli*, 692 F. Supp. 2d at 360 (quoting *Wilkinson*, 182 F.3d at 104).

Here, Plaintiff does not allege facts suggesting that Defendants violated his substantive due process rights with respect to the removal of his daughter from his custody. Plaintiff's allegations suggest that she was removed pursuant to an order of the Ramapo Family Court. (*See* ECF 2, at 6.) Plaintiff's bare assertion that the Town of Ramapo and the East Ramapo Central School District "worked together" to convince the court to remove his daughter "without justifiable cause" is insufficient to suggest that either Defendant's actions were "so egregious, so outrageous" that they can be said to "shock the contemporary conscience." *Southerland*, 680 F.3d at 151.

Plaintiff also asserts that Defendants violated his substantive due process rights when the school's teacher and librarian "taught and encouraged" Plaintiff's daughter's "contacts and actions online that caused deviant behaviors." (ECF 2, at 5.) Although unclear, Plaintiff appears to be challenging the school's curriculum or the information that his daughter was taught in school. While parents have a broad right to "the care custody, and control" of a child, the Second Circuit has held that parents have no "fundamental constitutional right to dictate the curriculum at the public school to which they have chosen to send their children." *Leebaert v. Harrington*, 332 F.3d 134, 141 (2d Cir. 2003). In other words, parents do not "have a fundamental right to the upbringing and education of the child that includes the right to tell public schools what to teach and what not to teach him or her." *Id.* at 142. Challenges to a school's curriculum must therefore satisfy only a rational basis review. *Id.* at 143. That is, the school's actions must serve a legitimate state interest and must be reasonably related to that interest. *See id.* at 138.

Here, Plaintiff's bare assertions that the school taught his daughter "deviant behaviors," without any indication of what those behaviors are or any additional context, are insufficient to state a claim that the school interfered with his parental rights. The Court therefore grants Plaintiff leave to amend his complaint to allege additional facts suggesting a substantive due process claim.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid Section 1983 claims for false arrest and violation of his substantive due process rights, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff's amended complaint must comply with Rule 8 by alleging sufficient nonconclusory facts to suggest a plausible claim, that is, to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. To state a claim for false arrest, the amended complaint must allege facts suggesting that the defendant intended to confine Plaintiff, Plaintiff was aware of the confinement and did not consent to it, and that the defendant lacked probable cause for the arrest. Plaintiff must also name as defendants the individual officer or officers whom he alleges falsely arrested him.

To state a substantive due process claim arising from the removal of Plaintiff's daughter from his custody, the amended complaint must allege facts suggesting that the defendant's conduct was so egregious and so outrageous that it shocks the conscience. To state a substantive due process claim arising from the school's curriculum, he must describe the nature of the "deviant behaviors" the school allegedly taught his daughter and allege facts suggesting that the school's curriculum was not reasonably related to any legitimate state interest.

Finally, to state a Section 1983 claim against the Town of Ramapo or the East Ramapo Central School District, Plaintiff must allege facts that the town or school district had a policy, custom, or practice that caused the violation of Plaintiff's constitutional rights.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may wish to contact the New York Legal Assistance Group (NYLAG), an organization that provides legal advice to self-represented plaintiffs and defendants, for assistance in drafting her second amended complaint. A flyer from NYLAG is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-3965 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 18, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

\_\_\_\_ Civ. _____ ( \_\_\_\_ )

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT**

-against-

_____
_____
_____
_____
_____
_____
_____

Jury Trial:  ☐ Yes   ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.      Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____
               Street Address _____
               County, City _____
               State & Zip Code _____
               Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1        Name  _____

                                    Street Address  _____

                                    County, City  _____

                                    State & Zip Code  _____

                                    Telephone Number  _____

Defendant  No. 2        Name  _____

                                    Street Address  _____

                                    County, City  _____

                                    State & Zip Code  _____

                                    Telephone Number  _____

Defendant  No. 3        Name  _____

                                    Street Address  _____

                                    County, City  _____

                                    State & Zip Code  _____

                                    Telephone Number  _____

Defendant  No. 4        Name  _____

                                    Street Address  _____

                                    County, City  _____

                                    State & Zip Code  _____

                                    Telephone Number  _____

**II.     Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☐ Federal Questions        ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship  _____

        Defendant(s) state(s) of citizenship  _____

        _____

*Rev. 12/2009*                                    2

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.    Facts: _____

**What happened to you?**

_____
_____
_____
_____

**Who did what?**

_____
_____
_____
_____

**Was anyone else involved?**

_____
_____

**Who else saw what happened?**

_____
_____
_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20___.

                        Signature of Plaintiff     _____

                        Mailing Address           _____

                                                                          _____

                                                                          _____

                        Telephone Number       _____

                        Fax Number *(if you have one)* _____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                        Signature of Plaintiff:      _____

                        Inmate Number              _____

# Notice For Pro Se Litigants

As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call **212-659-6190** and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.



