UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VLADIMIR LEON,

                Plaintiff,

-against-                              22-CV-3965 (LTS)

TOWN BOARD OF THE TOWN OF                ORDER
RAMAPO; EAST RAMAPO SCHOOLS
DISTRICT OF EDUCATION,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

       On May 16, 2022, Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed the original complaint in this action against the Town Board of the Town of Ramapo and the East Ramapo Schools District.[1] By order dated July 18, 2022, the Court determined that the complaint failed to state a claim and granted Plaintiff 60 days' leave to file an amended complaint alleging facts to state a claim under 42 U.S.C. § 1983 that Defendants violated his federal constitutional rights. (ECF 9.) That order stated that failure to file an amended complaint within the time prescribed would result in dismissal of the complaint. Plaintiff did not file an amended complaint, and by order dated October 17, 2022, long after the 60-day deadline had passed, the Court dismissed the complaint. (ECF 10.) Judgment was entered on October 19, 2022. (ECF 11.)

---

[1] Plaintiff's original complaint was unsigned and the IFP application he submitted did not include all information requested on the form. By order dated May 18, 2022, the Court directed Plaintiff to resubmit a signed signature page and to either pay the filing fees or submit an amended IFP application. (ECF 3.) On June 6, 2022, Plaintiff submitted an amended IFP application and signed signature page.

In the months since the Court dismissed the complaint, Plaintiff has engaged in a pattern of repeatedly disregarding Court orders and ignoring Court-imposed deadlines, despite the Court's repeatedly granting him opportunities to comply. On October 29, 2022, Plaintiff filed a motion asking the Court to reopen the action and to grant him additional time to file a complaint.[2] (ECF 12.) By order dated October 31, 2022, the Court granted Plaintiff's request, directed the Clerk of Court to vacate the previous order of dismissal and judgment, and granted Plaintiff 60 days' leave to file an amended complaint as directed in the Court's July 18, 2022 order. (ECF 13.)

On January 4, 2023, after the 60-day deadline had expired, Plaintiff filed another request seeking an extension of time to file an amended complaint. (ECF 14.) By order dated January 5, 2023, the Court granted Plaintiff's request for an extension of time and directed him to file an amended complaint within 30 days of the date of that order. (ECF 15.) Like the Court's previous orders, that order also warned Plaintiff that failure to comply would result in dismissal of the complaint.

Plaintiff again did not comply. After 60 days elapsed – 30 days beyond the extension of time granted by the Court – Plaintiff still had not filed an amended complaint. By order dated March 6, 2023, the Court noted Plaintiff's history of failing to comply with the Court's orders and dismissed the complaint. (ECF 16.) Judgment was entered on the same day. (ECF 17.)

---

[2] In his motion, Plaintiff alleged that he did not receive a copy of the order to amend in the mail at his new address. A review of the docket shows that Plaintiff did not receive a copy of the order in the mail because he consented to receive electronic service of documents in this action, and, in so doing, he agreed that he "will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents." (ECF 5, at 1.) A copy of the Court's order to amend was electronically transmitted to Plaintiff at the email address he provided.

On April 10, 2023 – more than a month after the Court dismissed the complaint for the second time – Plaintiff filed a "Motion to proceed amended complaint or refile original complaint." (ECF 18.) Plaintiff's submission did not include a proposed amended complaint. In an order dated April 10, 2023, the Court construed Plaintiff's request as a motion to reopen the action and permit him to file an amended complaint, noted that the action was dismissed after Plaintiff failed to comply with multiple orders granting him leave to file an amended complaint, and declined to reopen the action. However, in light of Plaintiff's *pro se* status and in an abundance of caution, the Court granted Plaintiff "one last opportunity to comply" with the July 18, 2022 order to amend, and granted him 30 days' leave to file an amended complaint. (ECF 19, at 3.) That order stated that "[n]o further extensions w[ould] be granted," and that if he failed to comply, the action would remain closed, and the Court's March 6, 2023 order of dismissal and judgment would remain in place. (*Id.*) That order further stated that "[a]ny further requests from Plaintiff in this action will be summarily denied." (*Id.* at 4.) Plaintiff did not file an amended complaint within 30 days of that order, and the action therefore remained closed.

Now, on March 6, 2024, almost 11 months after the Court's last order granting him a 30-day extension, Plaintiff files what he labels a "Motion to File a New Original Complaint." (ECF 20.) In his motion, Plaintiff alleges, without providing any specific facts, that his "New Original Complaint" will contain "new evidence not discovered" at the time he filed the original complaint, and that the new complaint is "more plausible" than the original complaint. (*Id.* at 2.) Plaintiff also alleges that "it has been a struggle for Plaintiff in New York's lower courts because the Defendants are active members of governments therefore government connections, implicit court clerks' biases on Plaintiff legal training and Defendants government service and legal training have caused Plaintiff's legal rejections and further distress and sufferings." (*Id.*) He

3

further alleges that "Defendants exploited Plaintiff's children's IEP to blackmail Plaintiff and Plaintiff's children in Philadelphia causing the same patterns of persecutions and distress." (*Id.*)

The Court liberally construes Plaintiff's latest submission as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b) *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.      Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). As discussed above, the Court has given Plaintiff numerous opportunities to file an amended complaint, and he has repeatedly failed to comply with the Court's orders.

The Court therefore denies Plaintiff's motion for relief under Fed. R. Civ. P. 60(b)(6).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 20) is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 14, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                      LAURA TAYLOR SWAIN
                                                 Chief United States District Judge